**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEDDY BRIAN SANCHEZ, Petitioner-Appellant, v. RONALD DAVIS, Warden, San Quentin State Prison, Respondent-Appellee. | No. 16-99005 D.C. No. 1:97-cv-06134-AWI-SAB MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted July 13, 2020
San Francisco, California

Before: GOULD, CALLAHAN, and BEA, Circuit Judges.

Teddy Sanchez appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.¹ We grant Certificates of Appealability on the previously uncertified issues pertaining to ineffective assistance of counsel. 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

¹ In a separate opinion, filed concurrently with this memorandum disposition, we discuss the facts of this case and affirm against the three previously certified issues and one previously uncertified issue ("Claim 48").

U.S.C. § 2253(c)(2); *see Browning v. Baker*, 875 F.3d 444, 471 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and we affirm. We address each of Sanchez's ineffective assistance of counsel claims in turn.

First, Sanchez argues that his counsel was ineffective in failing to investigate the shoeprint evidence from the Bocanegra home ("Claim 10"). The evidence of three sets of shoeprints found in the house, rather than two, however, does not demonstrate that counsel's failure to introduce it constituted ineffective assistance. *See Matylinsky v. Budge*, 577 F.3d 1083, 1097 (9th Cir. 2009) (a habeas petitioner "cannot show prejudice for [counsel's] failure to present what is most likely cumulative evidence."). The evidence suggests that three perpetrators participated in the murders, a fact already known to the trial court through the handprint evidence. *People v. Sanchez*, 12 Cal. 4th 1, 18 (1995). Under our doubly deferential review, *Harrington v. Richter*, 562 U.S. 86, 105 (2011), we cannot say that counsel's performance was deficient.

Sanchez also argues that counsel provided ineffective assistance when he declined to cross-examine news reporter Michael Trihey after Trihey testified that Sanchez claimed to be a "triple murderer" ("Claim 15"). Sanchez reportedly told Trihey that he did not kill anyone but nevertheless believed that he was equally responsible because he assisted and made no effort to stop the murders. If counsel had cross-examined Trihey further, there is not a reasonable probability of a

2

different outcome because these statements supported his liability as an aider and abetter. *See Sanchez*, 12 Cal. 4th at 33–36; *see also Fields v. Woodford*, 309 F.3d 1095, 1107–08 (9th Cir. 2002) (requiring that a petitioner "demonstrate that the errors *actually* prejudiced him") (internal citation omitted) (emphasis in original).

Sanchez argues that his attorney provided ineffective assistance during the guilt phase by failing to investigate and present a mental state defense, including information regarding a history of substance abuse ("Claim 6"). Counsel interviewed two mental experts, whose reports came to similar conclusions, neither of which was helpful to the defense. There is a reasonable argument that counsel satisfied *Strickland's* deferential standard here. *Richter*, 562 U.S. at 105. Counsel cannot be faulted for not considering other possible mental state defenses when the experts he hired did not do so. *See Turner v. Calderon*, 281 F.3d 851, 876 (9th Cir. 2002).

Sanchez asserts that his counsel was ineffective for failing to challenge Hernandez's credibility and memory by presenting his history of drug use ("Claim 7"). But Sanchez's statements to the police and Trihey, his sale and possession of items from the Bocanegra residence, and his desire to plead guilty demonstrate that even if counsel had known of Hernandez's drug use and cross-examined him about it, it is still likely that the trial court would have convicted Sanchez and would have found the multiple-murder special circumstance true. *Strickland v. Washington*,

466 U.S. 668, 688 (1984).

Next, Sanchez argues that counsel was ineffective for failing to submit evidence regarding lingering doubt or to counter the prosecution's evidence of Sanchez's culpability during the penalty phase ("Claim 44"). However, jurists of reason could determine that Sanchez had no federal constitutional right to a lingering doubt defense because lingering doubt is not a constitutionally protected mitigating factor. *See Oregon v. Guzek*, 546 U.S. 517, 523-25 (2006) (recognizing that the Eighth and Fourteenth Amendments do not provide a capital defendant with a right to present at sentencing evidence designed to cast residual doubt on his guilt).

Despite Sanchez's contentions to the contrary ("Claim 46"), counsel's failure to object or introduce Sanchez's proposed evidence of remorse was not objectively unreasonable and does not demonstrate deficient performance. *Strickland*, 466 U.S. at 686–88. Attorneys need not engage in activities that would be fruitless, much less harmful to the defense. *Richter*, 562 U.S. at 108. The news articles Sanchez pointed to contain aggravating information and demonstrate that there was little evidence of Sanchez's remorse, other than his own statements. Although Detective Boggs erroneously attributed an incriminating statement by Reyes to Sanchez, Sanchez could not show prejudice. *See Fields*, 309 F.3d at 1107–08. Alleged juror statements suggested that Sanchez's demeanor at trial had

4

a significant impact on their belief that Sanchez showed no remorse.

**AFFIRMED.**